IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CECIL DEWITT NELSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CR 612-005

**O R D E R**

Petitioner is presently confined at United States Penitentiary, Florence High, in Fremont County, Colorado. In 2013, this Court sentenced Petitioner to life imprisonment after he pled guilty to conspiracy to kidnap. (Docs. 124, 148, 150.) Petitioner appealed the conviction. (Doc. 171.) Following his counsel's brief pursuant to Anders v. California, 386 U.S. 738 (1967), the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence because it found no arguable issues of merit. (Doc. 195.)

In 2015, Petitioner filed a petition to vacate his conviction and sentence under 28 U.S.C. § 2255 (the "Original Petition"). (Doc. 199.) This Court denied the Original Petition. (Doc. 217.) Petitioner appealed the denial, but the

Eleventh Circuit denied both his appeal and his motion for reconsideration of the appeal. (Docs. 223, 232, 240.) Petitioner also filed a petition for writ of certiorari, which the Supreme Court denied on May 3, 2016. (Doc. 242.)

On December 5, 2017, Petitioner, proceeding *pro se*, filed the instant petition, asking that the indictment and judgment in his underlying criminal case be declared void for lack of jurisdiction, violations of due process, and fraud on the Court. (Doc. 280.) He simultaneously filed a motion to proceed *in forma pauperis*. (Doc. 281.) On January 24, 2018, he also filed a "Motion for Petition to Supplement." (Doc. 285.) In his petition and supplement, Petitioner argues that his name never appeared on court documents, that the trial and grand jury procedures were improper, that he did not consent to the plea agreement, that the laws giving the court jurisdiction were invalid, and that the judge was biased. (Docs. 280, 285.)

While the instant petition (doc. 280) is nominally styled as a petition under Federal Rules of Civil Procedure 60(b)(3) and (4) and 28 U.S.C. § 1651, the majority of Petitioner's assertions fall within the scope of 28 U.S.C. § 2255 because they collaterally attack the validity of his federal sentence. Petitioner seeks here to relitigate claims that this Court previously rejected on the merits, including those regarding the plea agreement (doc. 280, at 53), as well as claims that Petitioner could have raised in his Original Petition. Indeed,

2

the legal and factual basis of Petitioner's instant claims were all sufficiently established and known — or knowable — to Petitioner when he filed his Original Petition. Since he offers no explanation for not raising any new claims in the Original Petition, the instant petition is a successive petition. See Boyd v. United States, 754 F.3d 1298, 1301 (11th Cir. 2014) ("[T]he bar on second or successive motions applies when, for example, a petitioner could have raised his or her claim for relief in an earlier filed motion, but without a legitimate excuse, failed to do so.").

A successive § 2255 petition may only be filed if the appropriate court of appeals certifies that the motion contains newly discovered evidence or a new rule of constitutional law. Felix v. United States, 709 F. App'x 543, 547 (11th Cir. 2017) ("Only a single § 2255 is allowed, and successive attempts at relief are limited. A second or successive § 2255 motion cannot be considered by the district court unless it has been certified by this Court as containing either: (1) newly discovered evidence that, viewed in light of the evidence as a whole, establishes by clear and convincing evidence that no reasonable factfinder would find the defendant guilty or (2) a new retroactive rule of constitutional law that was not previously available to the defendant." (citing 28 U.S.C. § 2255(h); and Boyd, 754 F.3d at 1301)). Because Petitioner failed to obtain certification from the Eleventh Circuit for this successive

3

petition (doc. 280), this Court has no jurisdiction to consider his instant petition. See, e.g., In re Bradford, 830 F.3d 1273, 1277 (11th Cir. 2016) ("[W]hen a petitioner fails to seek permission from the court of appeals to file a second or successive petition, the district court lacks jurisdiction to consider it.").

Although Petitioner's allegations primarily fall within 28 U.S.C. § 2255, Petitioner asserts that this petition is a motion under Federal Rules of Civil Procedure 60(b)(3) or (4).[1] (Doc. 280, at 1, 4, 17.) Yet Rule 60(b)(3), offering relief from judgment because of fraud on the Court, is unavailable to Petitioner because the instant petition and supplement were filed more than four years after the judgment was entered, well

---

[1] To the extent that the instant petition is intended to present new grounds for relief from his judgment of conviction, the petition constitutes a successive § 2255 petition and the Court is without jurisdiction to consider these arguments. See 28 U.S.C. § 2255; Wilborn v. United States, 666 F. App'x 809, 810 (11th Cir. 2016) ("We consider a Rule 60(b) motion . . . a successive motion if it presents a new ground for relief from a judgment of conviction or attacks the federal court's previous resolution of a claim on the merits. Conversely, we find a Rule 60(b) motion as permissible if neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's conviction. For example, we view a Rule 60(b) motion as proper if it: (1) asserts that a federal court's previous ruling that precluded a merits determination was in error; or (2) attacks a defect in the federal proceeding's integrity, such as a fraud upon the court." (internal quotations omitted) (citing Gonzalez v. Crosby, 545 U.S. 524, 531-35 n.4-5 (2005))). Because Petitioner's fraud and jurisdiction claims may, if liberally construed, allege defects in the federal proceeding's integrity, the Court will also address those claims under Rule 60(b).

4

beyond the one-year deadline imposed upon 60(b)(3) motions. FED. R. CIV. P. 60(c)(1) ("A motion under Rule 60(b)[(1), (2), and (3)] must be made . . . no more than a year after the entry of the judgment . . ."). Rule 60(b)(4) has no such time limit, however, and permits relief from judgment on grounds that "the judgment is void." FED. R. CIV. P. 60(b)(4). Under Rule 60(b)(4), "[a] judgment can be set aside for voidness where the court lacked jurisdiction or where the movant was denied due process." Stansell v. Revolutionary Armed Forces of Colombia, 771 F.3d 713, 736 (11th Cir. 2014).

Here, Petitioner asserts that 18 U.S.C. § 3231, which gives district courts original jurisdiction over offenses against the laws of the United States, was incorrectly passed and that the statute is therefore invalid. (Doc. 280, at 8-9.) Without that statute, he reasons, this Court had no jurisdiction over his case, making the Court's subsequent judgment void. Id. This argument has no merit, however, because the Eleventh Circuit has repeatedly upheld 18 U.S.C. § 3231. See, e.g., United States v. DiFalco, 837 F.3d 1207, 1218 (11th Cir. 2016) (stating that 18 U.S.C. § 3231 "plainly vest[s]" district courts with jurisdiction over offenses against the laws of the United States). Because the statute is valid, the Court did have jurisdiction over the underlying criminal proceedings and the judgment thereon is not void.

5

Petitioner also claims that the grand jury proceeded improperly, violating his due process. (Doc. 280, at 34-36.) This claim is a collateral attack on the judgment and therefore may be dismissed as an uncertified successive § 2255 petition. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Because [the petitioner] is collaterally attacking his sentence as violating the United States Constitution, the proper avenue of relief is § 2255." (citations omitted)). To the extent that this claim can be assessed under Rule 60(b)(4), however, Petitioner failed to request disclosure of grand jury materials to make his case. United States v. Roemmele, 646 Fed. App'x 819, 823 (11th Cir. 2016) (holding that defendant forfeited his argument for disclosure of grand jury materials because he did not make that argument in the district court or in his opening brief on appeal (citing Reider v. Philip Morris USA, Inc., 793 F.3d 1254, 1258 (11th Cir. 2015); and United States v. Noriega, 676 F.3d 1252, 1260 n.2 (11th Cir. 2012))). Moreover, Petitioner has failed to argue that any attendant violation was not harmless error. Bank of Nova Scotia v. United States, 487 U.S. 250, 255-56 (1988) (concluding that dismissal of an indictment is appropriate only if the violation was prejudicial to the defendant).

Petitioner makes no attempt to justify his petition under the remaining enumerated Rule 60 grounds for relief, and he fails to satisfy the requirements of Rule 60(b)(6), which

"provides a catch-all" way to grant relief for other reasons. Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014). To prevail under Rule 60(b)(6), a movant must "demonstrate that the circumstances are sufficiently extraordinary to warrant relief." Id. (internal quotations and citations omitted). Again, Petitioner has given no reason that he could not have presented his claims in his direct appeal or Original Petition, and he gives no justification for not sending his petition to the Eleventh Circuit for certification. Accordingly, he has not demonstrated that his circumstances are sufficiently extraordinary to warrant relief under Rule 60(b)(6).

Finally, as an alternative to classifying the petition as a 28 U.S.C. § 2255 motion or a Rule 60(b) motion, Petitioner asserts that the All Writs Act, 28 U.S.C. § 1651, requires the court to hear his petition. (Doc. 280, at 4, 11.) Under the All Writs Act, "all courts established by act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). However, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." United States v. Blake, 868 F.3d 960, 971 (11th Cir. 2017) (internal quotations and citations omitted). Since either Rule 60(b) or a properly-certified motion under §

2255 offer avenues to review Petitioner's conviction, the All Writs Act does not apply here.

Based upon the foregoing and upon due consideration, **IT IS HEREBY ORDERED** that Petitioner's instant petition under 28 U.S.C. § 2255 (Doc. 280) is **DISMISSED** for lack of jurisdiction. Petitioner's supplemental claims under § 2255 are likewise **DISMISSED** for lack of jurisdiction. (Doc. 285.) To the extent that Petitioner's jurisdictional and due process claims may be characterized as Rule 60(b)(4) claims which this Court may consider, they are **DENIED**. Because there are no issues to consider going forward, **IT IS ALSO ORDERED** that Petitioner's motion to proceed *in forma pauperis* (Doc. 281) is **DENIED AS MOOT**. The Clerk is directed to **TERMINATE** all motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this 12th day of July, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

8