IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 612-005 |
| | * | |
| CECIL DEWITT NELSON | * | |

**O R D E R**

On August 16, 2012, Defendant Cecil DeWitt Nelson pled guilty to a kidnapping conspiracy pursuant to a plea agreement, which was subsequently accepted by this Court and entered upon the record of the case in January 2013 (doc. 148), at which time Nelson was sentenced to life imprisonment.

At present, Nelson has filed a motion for writ of mandamus under 28 U.S.C. § 1361, asking that this Court compel his attorney and the United States Attorney to "turn over the original plea agreement." (Doc. 299.) This is not the first time that Nelson has contended that his defense attorney and the Government colluded to replace pages in his plea agreement that had called for a 120-month sentence. Nelson raised this issue in a habeas proceeding under 28 U.S.C. § 2255 in 2015, but the Court rejected his argument since the district judge explained to him during the plea colloquy that he faced a life term under his plea agreement and Nelson

failed to object. (See Report and Recommendation of July 15, 2015, Doc. 211, at 10-16.)

A writ of mandamus is an ancient form of common law judicial relief whereby a court may compel a public official to perform some legally-mandated duty. The power of federal courts to issue writs of mandamus is now defined in a federal statute, which provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361. Mandamus jurisdiction is appropriate only where the defendant owes a clear nondiscretionary duty to the petitioner. Lifestar Ambulance Serv., Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004) (cited source omitted). Mandamus is an extraordinary remedy in the federal courts. Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003).

Here, Nelson has not established that any person in the United States Government, namely the United States Attorney, owes him a clear nondiscretionary duty to produce the so-called "original plea agreement." In any event, "mandamus does not supersede other remedies, but rather comes into play where there is a want of such remedies." Carter v. Seamans, 411 F.2d 767, 773 (5th Cir. 1969). The writ of habeas corpus, pursuant to 28 U.S.C. § 2255, exists to challenge the legality of a criminal conviction and sentence.

2

Indeed, Nelson has already utilized habeas proceedings, contending that the plea agreement considered and accepted by the Court is not the same plea agreement to which he initially acquiesced. Although Nelson was not afforded any relief, the § 2255 habeas proceeding demonstrates that an adequate remedy was available to him. Accordingly, mandamus relief is not an available remedy here.

Upon the foregoing, Defendant's petition for a writ of mandamus under 28 U.S.C. § 1361 (doc. 299) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of March, 2019.

---

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA