```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF GEORGIA
             STATESBORO DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 612-005 |
| | * | |
| CECIL DEWITT NELSON | * | |

# O R D E R

On August 16, 2012, Defendant Cecil DeWitt Nelson pled guilty to a kidnapping conspiracy pursuant to a plea agreement. Nelson was subsequently sentenced to life imprisonment. Nelson's conviction and sentence were affirmed by the Eleventh Circuit Court of Appeals on December 2, 2013.

On February 26, 2015, Nelson filed a motion to vacate, set aside and correct sentence under 28 U.S.C. § 2255. The motion was subsequently denied. (See Order of Aug. 11, 2015, Doc. 221.) Nelson unsuccessfully appealed this decision.

Since that time, Nelson has filed a multitude of pro se pleadings and motions, which the Court has addressed in two comprehensive Orders explaining why he is not entitled to the various relief he requested. (See Orders of Aug. 4, 2016, July 12, 2018, Docs. 249 & 289.) These Orders further explained that in order to challenge the legality of his conviction, Nelson must petition the Eleventh Circuit for authorization to file a second

or successive § 2255 motion. (Id.)  Notably, Nelson's filings to that point were sensible and coherent.  This is no longer the case.

On February 14, 2019, Nelson filed a document signifying that he has earnestly delved into the sovereign citizen movement.  (See Doc. 295.)  Since that time, he has filed no less than 15 documents that espouse or allude to the tenets of sovereign citizenship with reference to the Uniform Commercial Code, admiralty law, and other commercial statutes and nomenclature.  Notably, sovereign citizen theories are routinely and firmly rejected by the courts as frivolous.  See, e.g., United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013).

Of these filings, the Clerk of Court identified three of the documents as motions[1]:  (1) Motion for Relief from Judgment (doc. 309); (2) Petition for Audita Querela, Coram Nobis, Mandamus, and Prohibition (doc. 318); and (3) Motion for Extraordinary Relief in the Nature of Expedited Bail (doc. 324).  On rare occasion, these filings of sovereign citizenship gibberish can be read to state claims that Nelson's conviction was invalid, that the Court lacked jurisdiction, that his due process rights were violated, and that his attorney and the United States Attorney's Office committed fraud upon the Court.  To the extent that the Court can discern a legally cognizable argument, Nelson's criminal sentence is final,

---

[1] Many of the other filings are identified as "Affidavits" or "Notices."

his § 2255 motion is concluded, and, importantly, he has not received permission to file another by the Eleventh Circuit. To put it bluntly, this Court cannot accord Nelson any relief from his criminal conviction because it does not have authority to do so. In re Bradford, 830 F.3d 1273, 1277 (11th Cir. 20106) ("[W]hen a petitioner fails to seek permission from the court of appeals for file a second or successive petition, the district court lacks jurisdiction to consider it.") The Clerk is therefore directed to **TERMINATE** the three aforementioned motions.

Further, the Court concludes that Nelson is employing tactics of obfuscation, vexation, and obstruction to simply waste the judiciary's limited resources. The Court will not countenance any further filings of this nature. Thus, the Clerk of Court is hereby **ORDERED** to return any filing to Nelson that bears the hallmark of the sovereign citizenship movement unless and until the Eleventh Circuit expressly authorizes and directs this Court to enter the filing on this docket. See Procup v. Strickland, 792 F.2d 1069, 1073-74 (11th Cir. 1986) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. . . . The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." (cited source omitted).)

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of September, 2019.

/s/ J. Randal Hall
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA