# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 612-005 |
| | * | |
| CECIL DEWITT NELSON | * | |

## ORDER

On September 23, 2019, the Court warned Defendant Cecil DeWitt Nelson that it would not accept for a filing that "bears the hallmark of the sovereign citizenship movement" unless authorized by the Eleventh Circuit. (Order of Sept. 23, 2019, Doc. 325, at 3.) Two of his most recent filings – a motion to alter or amend judgment and a motion to appoint counsel – are cogent and refer to legitimate legal authorities. The Court will address them herein. The third filing – "Surety Bond for Temporary Restraining Order or Preliminary Injunction" – smacks of sovereign citizen tenets and tactics. The Clerk shall **STRIKE** this filing (doc. 328) from the record of the case.

With respect to the pending motions, the Court has previously stated that it cannot entertain any motion challenging the legality of Nelson's conviction because he has already prosecuted a habeas petition under 28 U.S.C. § 2255. Thus, Nelson must obtain authorization from the Eleventh Circuit to file a second or successive § 2255 motion. For that purpose, Nelson seeks the appointment of counsel.

A habeas petitioner, however, has no absolute constitutional right to the appointment of counsel. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003) (held in the context of a habeas proceeding under 28 U.S.C. § 2254). Rather, a court may appoint counsel only if the interests of justice so require. 28 U.S.C. § 2255(g) (incorporating by reference the standards of 18 U.S.C. § 3006A(a)(2)(B) for the appointment of counsel); see McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012) (stating that civil litigants, even prisoners, have no constitutional right to counsel; rather, appointment of counsel in civil cases is "a privilege that is justified only by exceptional circumstances" (quoted source omitted)). Here, Nelson has not shown that the interests of justice demand the appointment of an attorney, particularly when he is simply reasserting grounds that have already been litigated. Accordingly, Nelson's motion for appointment of counsel (doc. 326) is **DENIED**. Further, this Court is without authorization to consider the motion to alter or amend judgment; therefore, the motion (doc. 327) is **DISMISSED**.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of November, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2