**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

UNITED STATES OF AMERICA     *
                        *
     v.                    *       CR 612-005
                        *
CECIL DEWITT NELSON       *

## O R D E R

On August 16, 2012, Defendant Cecil DeWitt Nelson pled guilty to a kidnapping conspiracy pursuant to a plea agreement, which was subsequently accepted by this Court and entered upon the record of the case in January 2013. Nelson was sentenced to life imprisonment. The Eleventh Circuit affirmed Nelson's conviction and sentence in December 2013.

In 2015, Nelson filed his original motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255. This Court denied the petition. Since that time, Nelson has filed a plethora of post-judgment motions attacking his conviction and sentence, all of which have been denied as manifestly without merit or as attempts to file a second or successive § 2255 motion without authority of the Eleventh Circuit. Nelson routinely appealed these court orders without success.

Nelson has applied to the Eleventh Circuit on seven separate occasions to file a second or successive § 2255 petition.[1] The Eleventh Circuit denied his most recent second or successive application, explaining that it is without jurisdiction to grant the requested relief because Nelson was simply rehashing matters already raised in this case.

Meanwhile, over the last 18 months, Nelson has filed several motions in this Court, all of which seek to advance claims for relief from judgment or proceedings under § 2255. Yet, as has been explained several times, this Court is without authority to entertain any motion for relief touching upon or falling within the parameters of a § 2255 motion unless Nelson first obtains prior authorization from the Eleventh Circuit. Heretofore, Nelson has simply been unable to do so, and Nelson will continue to fail in this endeavor unless and until he can meet the exacting standard of providing truly "newly discovered evidence" of his innocence or identify new Constitutional law relevant to his case and made retroactive.

Having received notice of the Eleventh Circuit's most recent ruling, this Court once again reviewed motions filed by Nelson that are listed as pending in this case. Every pending motion either fails to state a legally cognizable basis for relief or

---

[1] Nelson has also filed a petition for writ of mandamus with the Eleventh Circuit, which was dismissed for want of prosecution.

2

pertains to an unauthorized petition for relief under § 2255. Accordingly, the following motions are hereby **DENIED** in all respects:

- "Motion for Leave to Amend Originally filed 28 U.S.C. 2255 Motion Based on Common Core of Operative Facts Uniting Claims Pursuant to Fed.R.Civ Rule 15(c)(1)(B)" - Docket Number 407;

- "Motion Pursuant to Federal Rules of Evidence Rule 201 (A-End) Judicial Notice" - Docket Number 408;

- "Petitioner's Motion for Issuance of Show Cause Order" - Docket Number 410;

- "Petitioner's Motion to Compel Judgment Pursuant to Federal Rules of Civil Procedure, Rule 12(c)" - Docket Number 415; and

- "Motion for an Evidentiary Hearing on Fed.R.Civ.P 15(c)(1)(B), and 28 U.S.C 2255 Motion" - Docket Number 419.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of July, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3